J-S35027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLAYTON R. CARROLL | : | |
| | : | |
| Appellant | : | No. 681 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 4, 2021,
in the Court of Common Pleas of Cumberland County,
Criminal Division at No(s):  CP-21-CR-0000965-2020.

BEFORE:   OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED FEBRUARY 10, 2022**

Clayton R. Carroll appeals from the judgment of sentence imposed following his plea of no contest to Unlawful Delivery, Manufacture, or Possession with Intent to Deliver a Schedule II Controlled Substance – Methamphetamine and Involuntary Manslaughter.[1]  Additionally, Carroll's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  Upon review, we grant counsel's petition, and affirm the judgment of sentence.

The facts are as follows.  On Sunday, March 22, 2020, Adam Kline called 911 when his friend, Alexa Byers, became unresponsive.  Upon arrival, patrol officers found Byers deceased.  Kline told them that he and Byers "used

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. 2506(a) and 2504(a).

several drugs over the weekend." He told them that they bought Methamphetamine and Methylenedioxymethamphetamine ("MDMA") on Friday night. On Saturday, he and Byers bought Xanax. Then, late Saturday night or early Sunday morning, Kline went with Byers to meet Carroll to get meth. Byers arranged the transaction with Carroll through texts on her phone. When they got there, Kline stayed in the car and slept while Byers purchased the meth from Carroll.

When they got home, Byers went into the bathroom, where Kline suspected she used drugs. After she came out, Byers became unresponsive.

During the investigation, the police searched Byers' phone and found text messages between Byers and Carroll discussing the proposed drug transaction. The police then interviewed Carroll. Carroll showed the police the text messages on his phone between him and Byers discussing the drug transaction. Carroll told the police that Byers came to his house early Sunday morning, March 22, 2020, and that there was a man asleep in her car. Carroll also told police that he used meth with Byers and gave her additional meth to take home.

Following an autopsy and toxicology analysis, the Cumberland County Coroner's Office determined that Byers died from Acute MDMA Toxicity. Carroll was charged with Drug Delivery Resulting in Death ("DDRID"); Unlawful Delivery, Manufacture, or Possession with Intent to Deliver a Schedule II Controlled Substance – Methamphetamine; and Criminal Use of a Communication Facility.

On November 16, 2020, in contemplation of a plea and by agreement of the parties, the information was amended to include an additional count of involuntary manslaughter. The same day, Carroll pled no contest to Involuntary Manslaughter and Unlawful Delivery, Manufacture, or Possession in exchange for an aggregate state sentence of 30 to 72 months. The remaining charges were dismissed.

At the sentencing hearing on March 9, 2021, prior to imposition of sentence, Carroll made an oral motion to withdraw his plea in which he asserted his innocence. The trial court directed him to file a written motion. On May 4, 2021, following a hearing, the court denied his motion and sentenced Carroll according to the plea agreement.

Carroll filed this timely appeal. Counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Carroll did not retain independent counsel or file a *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring

to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of ***Anders***. Counsel indicated that he reviewed the record and concluded that Carroll's appeal is frivolous. Further, the ***Anders*** brief substantially comports with the requirements set forth by our Supreme Court in ***Santiago***. Finally, the record

- 4 -

included a copy of the letter that counsel sent to Carroll stating counsel's intention to seek permission to withdraw and advising Carroll of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Carroll's appeal is wholly frivolous.

In the **Anders** brief, counsel sets forth one issue that Carroll wishes to raise: Whether the trial court properly denied Carroll's motion to withdraw his no contest plea? **Anders** Brief at 6.

We note that we review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. **Commonwealth v. Islas**, 156 A.3d 1185, 1187–88 (Pa. Super. 2017). Pre-sentence withdrawal of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A), which provides:

> (A) At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). The official comment to Rule 591 provides: "After the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." **Id.** cmt.

However, a defendant does not have an absolute right to such relief. A presentence motion to withdraw a guilty plea should be granted if supported

by a fair and just reason and substantial prejudice will not inure to the Commonwealth. ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1287 (Pa. 2015). ***Id.*** Nevertheless, the sentencing court may deny the request when the reasons offered by a defendant are belied by the record. In particular, "[a] bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence motion to withdraw. ***Id.*** at 1285. Rather, the Court concluded that

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

***Id.*** at 1292.

Thus, our Supreme Court has held that trial courts have discretion to assess the plausibility of a defendant's claim of innocence. In doing so, "both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." ***Islas***, 156 A.3d at 1191.

> Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

*Commonwealth v. Norton*, 201 A.3d 112, 121 (Pa. 2019).

Here, Carroll made three arguments to support his claim of innocence: (1) he was under the under the influence of drugs when the police interviewed him and he made incriminating statements about providing Byers with drugs; (2) despite the coroner's report, a jury could find that Byers did not die from methamphetamine; and (3) he did not deliver any drugs to Byers. Trial Court Opinion, 7/27/21, at 8.

Following a hearing, the court concluded that Carroll had no "fair or just" reason to withdraw his plea which would "promote fairness and justice." *Id.* at 12. Instead, the trial court found that Carroll's claim of innocence was "insincere, unsupported by the facts, at odds with the Commonwealth's evidence, and manipulative of the court proceedings." *Id.*

In reaching its decision, the trial court first concluded the evidence belied Carroll's claim that he was under the influence at the time of his interview. *Id.* at 8. According to the investigating detective, Carroll did not appear to be under the influence of any substances when he interviewed Carroll on both occasions. Rather, he was coherent and articulate and asked relevant questions about the investigation. The detective "had no reason to think [Carroll] was unaware of what was happening or that he was under the influence to the point that [they couldn't] have a conversation'' which was evident from the recordings. *Id.* at 9.

Additionally, the trial court found that Carroll's claim of innocence was not remarkably plausible or colorable in light of the strength of the

Commonwealth's evidence. *Id.* During his interviews, Carroll admitted giving meth to Byers, doing meth with her, and sending additional meth home with her. Carroll showed the detective the texts on his phone between Byers and him arranging the drug transaction. Other evidence further corroborated Carroll's guilt. Significantly, Carroll never testified that he did not deliver the meth that killed Byers. Instead, he claimed that, "I knew like in my heart I am not guilty" and that he never felt right about entering the plea. *Id.* at 9-10.

Lastly, the trial court doubted the sincerity based on the timing of it. *Id.* at 10. The court observed:

> [Carroll] did not relay his desire to withdraw his plea until February 2021, four months after he pled guilty in November 2020, and at a time when he had just been picked up on a bench warrant following revocation of his bail and when circumstances indicated that he was going to remain incarcerated. When [Carroll] entered his plea, he made clear that he expected to be sentenced in May 2021 if he remained on good behavior, and in fact notified us of this agreement when we asked if any promises were made to him other than the term of imprisonment. Indeed, [Carroll] expressed to us no reservations about entering the plea outside of ensuring that he would get a six-month continuance of the sentencing. It was not until the bench warrant hearing, faced with the reality that he would not be released pending sentencing and that he had sunk his opportunity to push sentencing to May, that [Carroll] announced he wished to withdraw his plea and, further, that "[t]he only reason that [he] chose the plea that [he] did was because of the 90 day extension from February 8th. So that was never set in stone."

*Id.* at 10-11 (footnotes and citations omitted).

The trial court added:

- 8 -

Further casting doubt on the sincerity and plausibility of [Carroll's] claim of innocence, at the motion hearing, [Carroll] testified he "never wanted to take the plea to begin with," and "was honestly afraid of the numbers [he] was hearing thrown out," referencing the sentencing guidelines on the lead charge. When asked directly if he sought to withdraw his plea because he ended up getting incarcerated and compromising the plan to get his sentencing continued to May, [Carroll] said:

> No, that was not the only reason. Again, it was a stressful situation. I had planned on doing it anyway, that is why I was kind of looking forward to the extension so that I could have more time to discuss it with my family and everybody get on the same page there. Because months prior leading up to my sentencing date I planned on pulling my plea. It was just a discussion that I was still in the process of having with my family.

> It appeared to us that [Carroll] had used the plea as a placeholder to give him time to decide whether he would stand by his plea. We were disturbed by this evidence, coupled with [Carrol's] testimony that he entered the plea under stress of hearing the guidelines, which suggests to us that [Carroll] took advantage of an early plea offer before the offers possibly got worse, all the while biding his time prior to sentencing with the plan to withdraw the plea whenever he chose.

*Id.* 11-12 (footnotes and citations omitted).

Given the trial court's thorough explanation and consideration of pertinent factors when it denied Carroll's motion, we find that the court did not abuse its discretion in denying Carroll's presentence motion to withdraw his guilty plea.

Based upon the foregoing, we conclude that Carroll's claim on appeal is frivolous. Further, in accordance with ***Dempster***, we have independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the

appeal is wholly frivolous. Consequently, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/10/2022